Opinion issued March 11, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00325-CR




 KAREY STEVEN JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
 Harris County, Texas
Trial Court Cause No. 653618




MEMORANDUM OPINION
            In 1995, a jury found appellant, Karey Steven Jones, guilty of aggravated
robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). The trial court assessed
appellant’s punishment at 20 years’ confinement in prison. Appellant subsequently
filed a motion for post-conviction DNA testing. The trial court denied appellant’s
motion and adopted the State’s proposed findings of fact and conclusions of law. We
determine whether the trial court erred by finding that appellant had not established
by a preponderance of the evidence that he would not have been prosecuted or
convicted if a package of cigarettes and a lighter had been tested for DNA. We
affirm.
Facts and Procedural History
          On November 20, 1992, while working as a convenience store clerk, Steven
Mills was held at knife-point by a man demanding the money in the register. The
same day, Mills assisted the Baytown Police Department in preparing a composite
sketch of the suspect and identified appellant as the convenience store robber through
a photographic line-up. In 1995, a jury found appellant guilty of aggravated robbery,
and the trial court assessed his punishment. See Jones v. State, No. 14-95-00403-CR
(Tex. App.—Houston [14th Dist.] April 3, 1997, pet. ref’d) (not designated for
publication). In 1997, the Fourteenth Court of Appeals affirmed appellant’s
conviction. Id. 
          On August 28, 2001, appellant filed a motion for DNA testing to be conducted
on a package of cigarettes and a lighter that the robber had purportedly left on the
counter after the robbery. Appellant argued that if the biological matter contained on
the cigarette package or lighter was tested for DNA, the results would prove that he
had not committed the robbery. The trial court denied appellant’s motion on March
12, 2003, based on its finding that appellant had failed to meet the requirements for
post-conviction DNA testing.
Standard of Review
          In reviewing the trial court’s decision, we afford almost total deference to the
lower court’s decision regarding historical fact and application-of-law-to-fact issues
that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). The
question of whether a reasonable probability exists that exculpatory DNA tests would
prove innocence is an application-of-law-to-fact question that does not turn on
credibility and demeanor and is, therefore, reviewed de novo. Id.
Reasonable Probability
          In his sole point of error, appellant asserts that the trial court erred in denying
his motion because he had met the burden of showing that a reasonable probability
existed that he would not have been convicted if the cigarette package and the lighter
had been tested for DNA. Appellant argues that if these two items were tested, it
would have proven that he was not at the scene of the crime.
 
          The Texas Code of Criminal Procedure provides the convicting court with 
guidelines for determining when post-conviction DNA testing is appropriate. See
Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon 2003). Article 64.03(a)(2)(A)
requires that a convicted person show that a reasonable probability exists that
exculpatory DNA tests would prove his innocence. Id. art. 64.03(a)(2)(A); Kutzner
v. State, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002). The required showing has not
been made if the exculpatory test results would “merely muddy the waters.” Rivera,
89 S.W.3d at 59.
          Although the presence of appellant’s DNA on the package of cigarettes or the
lighter could indicate appellant’s guilt, the absence of such DNA would not
necessarily indicate that appellant did not commit the robbery. See id. at 60 (holding
that “while the presence of the child’s DNA under appellant’s fingernails could
indicate guilt, the absence of such DNA would not indicate innocence.”). Moreover,
Mills testified that appellant pulled a knife on him as soon as Mills had laid the
package of cigarettes on the counter, so that appellant apparently never touched the
package. Mills also identified appellant as the robber in a photographic line-up and
at appellant’s parole-revocation hearing. Thus, even if appellant’s DNA were not
found on the package of cigarettes or the cigarette lighter, or if someone else’s DNA
were found on either item, the DNA evidence would not provide a reasonable
probability that appellant did not commit the robberies. The DNA evidence would
“merely muddy the waters.” Kutzner, 75 S.W.3d at 439. 
          Because appellant has not shown that there is a reasonable probability that
exculpatory DNA testing of the cigarette package and the lighter would prove his
innocence, we hold that the trial court did not err in denying appellant’s post-conviction motion for DNA testing.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the trial court’s order denying appellant’s request for post-conviction DNA testing.
 


                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. See Tex. R. App. P. 47.2(b).